# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tommy G. Najar, | No. CV-23-00207-TUC-JCH (LCK) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Petitioner Tommy Najar, incarcerated at the Arizona State Prison in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before this Court are the Amended Petition (Doc. 5), Respondents' Answer (Doc. 10), and Petitioner's Reply (Doc. 11). Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, deny the Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted in the Pima County Superior Court on two counts of continuous sexual abuse of a child and two counts of kidnapping. (Doc. 10, Exs. C, D.) On January 14, 2019, the court sentenced him to two, consecutive 20-year terms on each sexual abuse count and two, consecutive 17-year terms for each kidnapping count, for a total of 74 years. (*Id.*, Ex. D.)

Petitioner appealed and, on November 24, 2020, the appellate court affirmed his convictions and sentences. (*Id.*, Ex. B.) The Arizona Court of Appeals summarized the facts in support of Petitioner's convictions:

> ¶ 2 At trial, the victims in this case, Carl and Jane, Najar's wife's grandchildren, testified to numerous incidents of sexual abuse by Najar, including both oral sexual conduct and sexual intercourse, over a number of years. Both Jane and Carl testified that the sexual abuse had begun when they were eight or nine years old. Carl testified that the abuse had occurred until 2004 when he was thirteen years old, and he did not tell anyone about the abuse or report it to law enforcement until 2017. After Carl told his family about the abuse, Jane revealed that she had also been abused by Najar. Jane testified that before that, she had not told anyone. A witness, April, an adult at the time of trial, testified Najar had sexually abused her when she was a child in the 1980s.
>
> ¶ 3 The state also called Dr. Wendy Dutton, a forensic interviewer who works with children who report abuse. Dutton testified to what she called the "process of victimization" and explained why child victims of sexual abuse either do not report, or significantly delay reporting such abuse, and why their memories are often compromised.

(*Id.* at 2-3.) Petitioner filed a Petition for Review with the Arizona Supreme Court, which was denied on June 30, 2021. (*Id.*, Exs. I, J.)

On October 6, 2021, Petitioner timely filed a Petition for Post-Conviction Relief (PCR). (*Id.*, Ex. M.) The PCR court denied the petition without a hearing because Petitioner had not presented a colorable claim. (*Id.*, Ex. P.) Specifically, the PCR court concluded that (1) Petitioner's newly discovered evidence claim failed on the merits, and (2) Petitioner did not receive ineffective assistance of counsel (IAC). (*Id.*) Petitioner filed for review with the Arizona Court of Appeals, which granted review but denied relief. (*Id.*, Exs. Q, R.) Specifically, the court of appeals held that the trial court did not abuse its discretion in denying the claim for newly discovered evidence and Petitioner waived his IAC claim by failing to develop any argument in support of it. (*Id.*, Ex. R.) Petitioner's Petition for Review in the Arizona Supreme Court was denied. (*Id.*, Ex. S.)

Petitioner initiated this federal habeas action on May 3, 2023. (Doc. 1.) Petitioner filed an Amended Petition on June 16, 2023. (Doc. 5.)

**DISCUSSION**

The Amended Petition includes two claims. In Claim 1, Petitioner alleges his 6th and 14th Amendment rights were violated by the trial court's admission of other act evidence. In Claim 2, Petitioner alleges his 5th, 6th, and 14th Amendment rights were violated on two grounds. Petitioner alleges that he (a) has presented newly discovered evidence entitling him to relief, and (b) had receieved IAC. Respondents argue that all of the claims are procedurally defaulted. The Court reviews the claims for exhaustion and procedural default.

**EXHAUSTION AND PROCEDURAL DEFAULT STANDARD**

A writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To properly exhaust, a petitioner must "fairly present" the operative facts and the federal legal theory of his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971).

In Arizona, there are two primary procedurally appropriate avenues for petitioners to exhaust federal constitutional claims: direct appeal and PCR proceedings. A habeas petitioner's claims may be precluded from federal review in two ways. First, a claim may be procedurally defaulted in federal court if it was raised in state court but found by that court to be defaulted on state procedural grounds. *Coleman*, 501 U.S. at 729-30. Second, a claim may be procedurally defaulted if the petitioner failed to present it in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1; *see also Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998) (stating that the district court must consider whether the claim could be pursued by any presently available state remedy), *overruled on other grounds by Apelt v. Ryan*, 878 F.3d 800, 827 (9th Cir. 2017). If no remedies are currently available pursuant to Rule 32, the claim is "technically" exhausted

but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1; *see also Gray v. Netherland*, 518 U.S. 152, 161-62 (1996).

Because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims. *Reed v. Ross*, 468 U.S. 1, 9 (1984). However, the Court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation or shows that a fundamental miscarriage of justice would result if the claim were not heard on the merits in federal court. *Coleman*, 501 U.S. at 750.

**ANALYSIS**

In *Baldwin v. Reese*, the Supreme Court stated that the purpose of the exhaustion requirement is to give states the opportunity to "pass upon and correct" alleged constitutional errors. 541 U.S. 27, 29 (2004); *see also Lopez v. Schriro*, 491 F.3d 1029, 1040 (9th Cir. 2007) ("a petitioner may provide further facts to support a claim in federal district court, so long as those facts do not fundamentally alter the legal claim already considered by the state courts."). Therefore, if a petitioner did not present the federal habeas claim to the state court as asserting the violation of a specific federal constitutional right, as opposed to violation of a state constitutional right or state law, the federal habeas claim was not "fairly presented" to the state court. *See Baldwin*, 541 U.S. at 33; *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) ("[n]either did Castillo cite relevant state or federal cases that might have alerted the Arizona court to his claim."). Although a habeas petitioner need not recite "book and verse on the federal constitution" to the state courts, they must do more than present the facts necessary to support the federal claim. *See Picard*, 404 U.S. at 277-78; *Anderson*, 459 U.S. at 6. A petitioner's general reference to "constitutional error," "deprivation of a fair trial," or "due process," without more, does not fairly present a federal constitutional claim. *Casey v. Moore*, 386 F.3d 896, 913 (9th Cir. 2004); *Shumway v. Payne*, 223 F.3d 982, 987 (9th Cir. 2000).

**Claims 1 and 2(a)**

In Claim 1, Petitioner alleges his 6th and 14th Amendment rights were violated by the trial court's admission of other act evidence, that he had sexually abused another victim in the 1980s. On direct appeal, Petitioner argued that admission of this evidence violated the state rules against the admission of propensity evidence. (Doc. 10, Ex. F at 7.) The appellate court found this evidence was admissible under the state rules of evidence because the acts were similar enough to the charged offense to infer aberrant sexual propensity. (*Id.*, Ex. K at 14.)

In Claim 2(a), Petitioner alleges his 5th, 6th, and 14th Amendment rights were violated based on newly discovered evidence entitling him to relief. In his PCR Petition, Petitioner alleged that a photograph of his uncircumcised penis constituted newly discovered evidence. (*Id.*, Ex. M.) In his Petition for Review to the appellate court, Petitioner argued that the PCR court incorrectly analyzed the circumcised status of Petitioner's penis as the newly discovered evidence rather than the photographic evidence, and that he is entitled to a fair trial where he can present the newly discovered evidence. (*Id.*, Ex. Q at 27.) The appellate court found that the photograph did not constitute newly discovered evidence because the photograph did not exist at the time of the trial and Petitioner's circumcision status was known and considered at trial. (*Id.*, Ex. R at 6.)

In state court, Petitioner presented Claims 1 and 2(a) as based solely on state law. Therefore, he did not fairly present these federal claims in state court. If Petitioner were to return to state court now to allege that his convictions were invalid on the grounds alleged in Claims 1 and 2(a), these claims would be found waived and untimely under Rules 32.2(a)(3) and 32.4(b)(3) of the Arizona Rules of Criminal Procedure because they do not fall within an exception to preclusion, Ariz. R. Crim. P. 32.2(b); 32.1(b)-(h). See *State v. Bennett*, 146 P.3d 63, 67, 213 Ariz. 562, 566 (2006) ("As a general rule, when 'ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32 post-conviction relief proceeding, subsequent claims of ineffective assistance will be deemed waived and precluded.'") (quoting *State v. Spreitz*, 39 P.3d 525, 526, 202 Ariz. 1, 2 (2002)).

Therefore, the claims raised before this Court– that Petitioner's convictions are invalid due to other act evidence and a related IAC claim – are technically exhausted and procedurally defaulted. *See Gray*, 518 U.S. at 161-62; *Coleman*, 501 U.S. at 735 n.1.

**Claim 2(b)**

In Claim 2(b), Petitioner alleges his 5th, 6th, and 14th Amendment rights were violated because he received IAC. In his PCR Petition, Petitioner alleged that if the court were to find that the photograph was not newly discovered evidence, it should instead find he received IAC. (Doc. 10, Ex. M.) In his Petition for Review to the appellate court, Petitioner argued that trial counsel failed to secure and present the photographic evidence at trial, which he argues was the most critical evidence for his defense. (*Id.*, Ex. Q at 37.) The appellate court found Petitioner had waived the IAC claim because he did not develop any argument as to why the PCR court erred in its reasoning. (*Id.*, Ex. R at 11.) Because the state court imposed a procedural bar based on Arizona law as to Claim 2(b), it is procedurally defaulted in this Court.

**Cause and Prejudice and Fundamental Miscarriage of Justice**

The Court found that Claims 1 and 2 are procedurally defaulted. The Court now examines whether Petitioner has a ground to excuse the defaults.

Cause and Prejudice

Petitioner did not identify cause to overcome the default of any of his claims. Rather, Petitioner alleges he has exhausted both of his claims. (Doc. 11.) Therefore, cause and prejudice can not operate to excuse the defaults of Claims 1 and 2.

Fundamental Miscarriage of Justice

Petitioner did not argue that a fundamental miscarriage of justice would result if his claims were not addressed on the merits. However, he has maintained his innocence and suggests that he would not have been found guilty if the photographic evidence of his uncircumcised penis were admitted at trial. (Doc 10, Ex. M.) Although Petitioner did not

assert this allegation as a means to overcome default, the Court will briefly evaluate it for that purpose.

To demonstrate a fundamental miscarriage of justice to excuse a procedural default, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To establish the requisite probability, the petitioner must show that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. The Supreme Court has characterized the exacting nature of an actual innocence claim as follows:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Id.* at 324; *see also House v. Bell*, 547 U.S. 518, 538 (2006). Petitioner does not identify any new reliable evidence to support such a claim. His assertion that a photograph of his uncircumcised penis is newly discovered evidence is insufficient. That evidence was presented in a different form at trial, through Petitioner's testimony. Even if the photograph constituted newly discovered evidence, it is not sufficient evidence of actual innocence. *See Sistrunk v. Armenakis*, 292 F.3d 669, 676 (9th Cir. 2002) (holding that evidence of the condition of Petitioner's penis to impeach the victim's testimony was insufficient to raise a claim of actual innocence). Therefore, Petitioner has not established a fundamental miscarriage of justice will occur if his defaulted claims are not heard on the merits.

## CONCLUSION AND RECOMMENDATION

Petitioner failed to fairly present Claims 1 and 2(a); therefore, they are technically exhausted and procedurally defaulted. Claim 2(b) was barred in state court and is, therefore, procedurally defaulted. Petitioner has not established cause and prejudice to overcome the defaults or that a fundamental miscarriage of justice will occur if these claims

are not addressed on the merits. Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition for Writ of Habeas Corpus.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-23-207-JCH**.

Dated this 22nd day of July, 2024.

Honorable Lynnette C. Kimmins
United States Magistrate Judge