**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tommy G Najar, | No. CV-23-00207-TUC-JCH |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Petitioner Tommy G. Najar, proceeding pro se, filed an "Amended Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty)" ("Amended Petition"). Doc. 5. Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. 10. Petitioner filed a Reply. Doc. 11. On July 22, 2024, Magistrate Judge Lynnette C. Kimmins issued a Report and Recommendation ("R&R") in which she recommends this Court dismiss the Amended Petition. Doc. 12. Petitioner filed an objection to the R&R (Doc. 15), and Respondents filed a Response to the objection (Doc. 16). For the following reasons, the Court will overrule Petitioner's objections, adopt Judge Kimmins's R&R in full, and dismiss the Amended Petition.

## I.    Procedural History

The R&R details the extensive procedural history of this case. Doc. 12 at 1–2.[1] Neither party objects to this portion of the R&R, and the Court will adopt it in its entirety. In brief, the procedural history is as follows: after a six-day jury trial in 2018, a Pima

---

[1] All document citations are to CMECF page number.

County jury found Petitioner guilty of two counts of continuous sexual abuse of a child and two counts of kidnapping. *See id.* at 1; *see also* Doc. 10 at 16. The convictions related to numerous incidents of sexual abuse in the early 2000s involving Petitioner's two step-grandchildren. Doc. 10 at 2. At trial, the court permitted the state to present "other acts" evidence that Petitioner sexually abused another child in the 1980s. *Id.* The trial court imposed two consecutive 20-year sentences (one for each sexual abuse count) and two consecutive 17-year terms (one for each kidnapping count), for a total of 74 years. *Id.*

On direct appeal, Petitioner asserted the trial court abused its discretion by (1) admitting the other act evidence and (2) permitting expert testimony by Dr. Wendy Dutton on the "process of victimization" in child abuse cases. Doc. 10-1 at 29. The appellate court affirmed the convictions and sentences. *Id.* at 8. Petitioner filed a Petition for Review with the Arizona Supreme Court, which was denied. *Id.* at 94–95, 103.

Petitioner then filed a petition for Post-Conviction Relief (PCR) under Rule 32.1(a) and (e), Ariz. R. Crim. P., and requested the court vacate his convictions based on (1) newly discovered evidence and (2) ineffective assistance of counsel. *Id.* at 110–20. The Rule 32 court denied the PCR petition. *Id.* at 144–57. The Arizona Court of Appeals granted Petitioner's request for review but ultimately denied relief. *See id.* at 159–80. The Arizona Supreme Court denied Petitioner's subsequent petition for review. *Id.* at 182.

## II.    Petition for Writ of Habeas Corpus and R&R Findings

Petitioner asserts two Claims for relief in the instant Petition for Writ of Habeas Corpus. In Claim 1, Petitioner alleges the state trial court "erred in admitting the other act evidence" in violation of the Sixth and Fourteenth Amendments. Doc. 5 at 6. In Claim 2, Petitioner alleges the Arizona Court of Appeals erred in its review of the PCR petition by finding that (a) Petitioner did not present newly discovered evidence and (b) Petitioner did not adequately present a claim for ineffective assistance of counsel. Doc. 5 at 7.

The Court referred this matter to Magistrate Judge Kimmins for an R&R. Doc. 7. The R&R first analyzed Claims 1 and 2(a) and found Petitioner did not raise these issues in state court. Doc. 12 at 5. Specifically, Petitioner asserted these claims "based solely on

1   state law" in the state courts but now presents them here as federal claims. *Id.* Accordingly,
2   the R&R determined Claims 1 and 2(a) are "technically exhausted and procedurally
3   defaulted." *Id.* at 6.

4       The R&R then analyzed Claim 2(b) and found that—although Petitioner raised this
5   Claim in state appellate proceedings—"the state [appellate] court imposed a procedural
6   bar" and thus Claim 2(b) is procedurally defaulted in this Court. *Id.*

7       After concluding that both Claims are procedurally defaulted, the R&R considered
8   whether Petitioner had any grounds to excuse the defaults. *Id.* at 6–7. Finding none, the
9   R&R recommended this Court dismiss the Petition. *Id.* at 8.

10  **III.    R&R Standard of Review**

11      The Court "may accept, reject, or modify, in whole or in part, the findings or
12  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must
13  review the magistrate judge's findings and recommendations de novo if objection is made,
14  but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en
15  banc). The Court is not required to conduct "any review at all ... of any issue that is not the
16  subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). The party seeking de
17  novo review must provide "*specific* written objections to the proposed findings and
18  recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2) (emphasis added). The
19  clear purpose of this requirement is judicial economy—to permit magistrate judges to
20  resolve matters not objectionable to the parties. *See Thomas*, 474 U.S. at 149. Because de
21  novo review of the entire R&R would defeat the efficiencies intended by Congress and
22  Rule 72, a general objection has the same effect as a failure to object. *Warling v. Ryan*, No.
23  CV 12-01396-PHX-DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013); *Eagleman*
24  *v. Shinn*, No. CV-18-2708-PHX-RM (DTF), 2019 WL 7019414, at *5 (D. Ariz. Dec. 20,
25  2019).

26  **IV.    Analysis**

27      Petitioner makes two objections to the R&R. First, Petitioner alleges that he did in
28  fact present "the operative facts and federal legal claims" in state court. Doc. 15 at 2.

1   Second, Petitioner alleges the "magistrate did not take into consideration Dr. [Wendy]
2   Dutton['s] testimony" as prejudicial during the state court trial. *Id.* at 3.

3         The Court conducted a de novo review of the Petition (Doc. 5), Response (Doc. 10),
4   Reply (Doc. 11), and all accompanying exhibits for the purpose of addressing these
5   objections.

6                   **a.  Claims 1 and 2(a) Were Not Presented in State Court.**

7         A petition brought under 28 U.S.C. § 2254 must not be granted "unless . . . the
8   applicant has exhausted the remedies available in the courts of the State." § 2254(b)(1)(A).
9   This exhaustion requirement is necessary to give states the opportunity to "pass upon and
10  correct" alleged constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

11        Both claims in the Petition before this Court are grounded in violations of
12  Petitioner's "rights under the constitution of the United States" and the Fifth, Sixth, and
13  Fourteenth Amendments. Doc. 5 at 6–7. Petitioner did not allege any federal constitutional
14  violations related to Claims 1 or 2(a) in the direct appeal or PCR proceedings. Instead, his
15  analogous state court claims appear to have been grounded in violations of Arizona case
16  law and Arizona Rules of Evidence. *See generally* Doc. 10-1 at 28–49; 94–101; 110–20;
17  138–42; 159–74.[2]

18        Accordingly, the Court will overrule Petitioner's first objection because Claims 1
19  and 2(a) allege constitutional violations that were never presented in Petitioner's direct
20  appeal or PCR proceedings.

21                   **b.  The Prejudicial Testimony Claim is Procedurally Defaulted.**

22        Petitioner objects to the R&R's failure to consider the prejudicial effect of
23  Dr. Dutton's expert testimony at trial. Doc. 15 at 3. However, this issue gets only the

---

[2] In the briefings and exhibits before this Court, the only times Petitioner appears to have
raised a violation of his federal rights in state court proceedings were (1) in a pretrial motion
in limine to preclude the state's expert, Dr. Dutton, from testifying, citing Fifth Amendment
concerns, *id.* at 44; and (2) in the PCR petition arguing ineffective assistance of counsel
("IAC"), citing Fifth, Sixth, and Fourteenth Amendment concerns, *id.* at 118–20. The R&R
does not dispute that the IAC issue—the subject of Claim 2(b)—was presented in state
court. *See* Doc. 12 at 6. Rather, the R&R finds Claim 2(b) is procedurally defaulted because
the state court imposed a procedural bar after Petitioner failed to develop the issue on
appeal. *Id.* Petitioner did not object to this finding.

briefest mention as a supporting fact in the Petition: "The use of profile evidence to indicate guilt denied me rights under the 14th Amendment . . . ." Doc. 5 at 6. Petitioner's Objection gives far more detail on the nature and content of Dr. Dutton's "profile" testimony. *See* Doc. 15 at 3. Petitioner alleges that the state's use of this testimony prejudiced the jury and denied him a fair trial, in violation of his Fifth, Sixth, and Fourteenth Amendment rights. *Id.*

A district court has discretion to consider arguments raised for the first time in an objection to an R&R, but it is not required to do so. *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002). The Court exercises its discretion to consider this newly raised "prejudicial testimony" claim alleging a violation of Petitioner's federal rights. Nevertheless, the Court finds this claim fails for the same reason as Claims 1 and 2(a): it was not presented in state court. Accordingly, the claim is technically exhausted and procedurally defaulted. *See Gray v. Netherland*, 518 U.S. 152, 161162 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Further, Petitioner provides no basis for the Court to excuse the default or find that a fundamental miscarriage of justice would occur if this claim were not heard on the merits.

Accordingly, the Court will overrule Petitioner's second objection because his newly raised claim is procedurally defaulted, and Petitioner provides no basis to excuse the default.

## V.    Order

Accordingly,

**IT IS ORDERED overruling** Petitioner's Objection (Doc. 15) and **adopting in full** the Report and Recommendation (Doc. 12).

**IT IS FURTHER ORDERED dismissing** the Amended Petition (Doc. 5). The Clerk of the Court shall enter judgment and close this case.

**IT IS FURTHER ORDERED** under Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists could not "debate whether (or, for

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation omitted).

Dated this 30th day of July, 2025.

John C. Hinderaker
United States District Judge

- 6 -