**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tommy G Najar, | No. CV-23-00207-TUC-JCH |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Before the Court is Petitioner's Motion for Reconsideration. Doc. 19. Petitioner asks the Court to reconsider "the Magistrate R&R or grant miscarriage of justice on ground of inefficient consult." *Id.* at 1. Petitioner requests the Court refer the matter back to the magistrate judge to take into consideration that Petitioner did not receive effective counsel in the state court. *Id.*

A motion for reconsideration must be denied absent "highly unusual circumstances," such as (1) "newly discovered evidence," (2) "clear error," or (3) "an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* LRCiv. 7.2(g). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration is not the place to repeat argument previously made in support of a previous motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003). Neither is mere disagreement with

a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

The Court already conducted a review of the R&R and found Magistrate Judge Kimmins's reasoning sound and correct. *See* Doc. 17. Petitioner already raised the issue that he received ineffective assistance of counsel in state court. Doc. 1 at 4. And he made no objection to the R&R's finding that the state court imposed a procedural bar on this claim. *Compare* Doc. 12 at 6 *with* Doc. 15. Petitioner also raised no objections to the R&R's finding that he failed to demonstrate a fundamental miscarriage of justice would result if his claims were not addressed on the merits. *Compare* Doc. 12 at 6–7 *with* Doc. 15. Motions for reconsideration are not an opportunity for a party "to get a second bite at the apple," *Van Derheydt v. Cnty. of Placer*, 32 F. App'x 221, 223 (9th Cir. 2002), or to ask a court "to rethink what the court had already thought through—rightly or wrongly." *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (citation omitted).

Petitioner does not allege new evidence, clear error, or new law. Instead, he seeks to relitigate the merits of his claims. The Court already addressed the merits of Petitioner's claims and will not do so again.

The Motion for Reconsideration (Doc. 19) is **denied**.

**SO ORDERED.**

Dated this 7th day of August, 2025.

_____
John C. Hinderaker
United States District Judge